UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY ROMERO,

                    Petitioner,

        - against -

SUPT. RICH, *Elmira Correctional Facility*,

                    Respondent.
----------------------------------------------------------x

**ORDER TO SHOW CAUSE**
22-CV-686 (PKC)

PAMELA K. CHEN, United States District Judge:

        Petitioner Anthony Romero has filed this writ of *habeas corpus*, challenging his New York state court convictions of robbery in the first degree and criminal possession of a weapon in the third degree. (Petition, Dkt. 1, at ECF[1] 1.) Petitioner challenged his convictions in a direct appeal, which was ultimately denied by the New York Court of Appeals on April 28, 2016. (*Id.* at ECF 2.) On June 27, 2017—over one year after completion of his direct appeal—Petitioner filed a state collateral attack on his convictions pursuant N.Y. C.P.L.R. § 440 ("§ 440 motion"). (*Id.* at ECF 4.) The New York Supreme Court denied Petitioner's § 440 motion, and his collateral attack concluded with the Court of Appeals denying leave to amend on March 22, 2020. (*Id.* at ECF 28.) Petitioner filed the present action on April 30, 2020. (*Id.* at 1.[2])

---

[1] "ECF" refers to the pagination generated by the court's ECF/CM docketing system and not the document's internal pagination.

[2] Petitioner, who is currently incarcerated at the Elmira Correctional Facility, filed this writ of *habeas corpus* in the United States District Court for the Western District of New York. Because Petitioner is challenging a state criminal court conviction of the Queens County New York Supreme Court, the Honorable Frank P. Geraci, Jr., U.S.D.J., transferred the case to this District on May 14, 2020. (Dkt. 3.) Unfortunately, due to COVID-19's effects on the federal court system, the transfer was not completed until February 7, 2022. (Dkt. 4.)

1

A federal *habeas* petition must be filed within a one-year statute of limitations that generally begins to run from the conclusion of the petitioner's direct appeal of his criminal convictions. 28 U.S.C. § 2244(d). That statute of limitations is tolled during the pendency of state-law collateral attacks, *e.g.*, a § 440 motion. *Duncan v. Walker*, 533 U.S. 167, 181 (2001). In other words, ordinarily, a petitioner must file his federal *habeas* petition within one year of the conclusion of his direct appeal process, *unless* he files a state collateral attack, such as a § 440 motion within that one-year period, which stops the running of the one-year statute of limitations period until the § 440 motion is resolved. Once the § 440 motion is resolved, the one-year clock starts running again, and the federal *habeas* petition must be filed within the one-year period, excluding the time during which the § 440 motion was pending.

In this case, the one-year statute of limitations period began to run on April 28, 2016, when the New York Court of Appeals affirmed Petitioner's conviction. Because the entire one-year period had expired by the time Petitioner filed his § 440 motion on June 27, 2017, that collateral attack did not stop the running of the one-year statute of limitations period, which ended on April 28, 2017. Thus, the *habeas* petition that Petitioner filed in this case on April 20, 2020 is untimely.[3]

However, § 2244(d)'s one-year statute of limitations may be tolled where the petitioner "acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*). Here, Petitioner has submitted a letter requesting tolling of the statute of limitations. (Petition, Dkt. 1, at ECF 30–32.) The letter states that he was never mailed

---

[3] It is irrelevant that the New York Court of Appeals did not deny Petitioner leave to appeal the denial of his § 440 motion until March 20, 2020, because the one-year statutory limitations period had already expired by the time Petitioner filed his § 440 motion, which means that the one-year period was not tolled between April 2016 amd March 2020.

the Supreme Court decision denying his § 440 motion, causing a delay in appealing that decision, which was forgiven by the New York Appellate Division.  (*Id.* at ECF 31.)  The letter does not, however, address the fact that more than one year transpired between the end of Petitioner's direct appeal and the commencement of his § 440 motion.  To the contrary, the letter affirmatively states that "on April, 2016 [*sic*], the Court of Appeals sent me their decision affirming my judgment of conviction . . . .  In June 2017, I filed my C.P.L. § 440.10."  (*Id.* (including citation to New York Court of Appeals decision, *People v. Romeo*, 27 N.Y.3d 981 (2016)).)  Thus, despite knowing that his direct appeal process was over by April 2016, Petitioner failed to file either a § 440 motion or a federal *habeas* petition within a year thereafter.

Accordingly, by March 11, 2022, Plaintiff is ordered to show cause, in writing, why he did not file his federal *habeas* petition within § 2244(d)'s one-year statute of limitations.  If Petitioner cannot show good cause for the delay, his petition must be dismissed as untimely.[4]

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 11, 2022
       Brooklyn, New York

---

[4] The Court has also reviewed Petitioner's motion to proceed *in forma pauperis*, along with the accompanying affidavit.  Leave to proceed *in forma pauperis* is granted.