UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANTHONY ROMERO,

                          Petitioner,

                                                    **MEMORANDUM & ORDER**
              - against -                              22-CV-686 (PKC)

SUPT. RICH, *Elmira Correctional Facility*,

                          Respondent.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Petitioner Anthony Romero filed the present petition for a *writ* of *habeas corpus* on April

23, 2020,[1] challenging his New York state convictions for robbery in the first degree and criminal

possession of a weapon in the third degree.  (Petition, Dkt. 1, at ECF 1.)  On February 11, 2022,

this Court issued an Order to Show Cause ("OTSC"), directing Mr. Romero to show cause why he

did not file his *habeas* petition within 28 U.S.C. § 2244(d)'s one-year statute of limitations.

(OTSC, Dkt. 5.)  The OTSC further stated that if petitioner cannot show good cause for the delay,

his petition must be dismissed as untimely.  (*Id.*)  On March 15, 2022, Mr. Romero submitted his

response.  (Response to OTSC ("Response"), Dkt. 6.)  The Response provided no basis on which

---

[1] Under the "prison mailbox rule," submissions made by incarcerated *pro se* petitioners, including petitions for *writs* of *habeas corpus*, are deemed filed on the date that they are given to prison officials. *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001).  Although the petition was not signed and did not provide the date on which the petition was given to prison officials, Romero's accompanying April 19, 2020 letter was signed and, according to the envelope, the petition was mailed from Elmira Correctional Facility on April 23, 2020.  (Petition, Dkt. 1 at ECF 10, 30–33, 35 (citations to "ECF" refer to the pagination generated by the Court's ECF/CM docketing system and not the document's internal pagination).)  The petition was filed in the Western District of New York on April 30, 2020.  (*Id.* at ECF 35.)  Given these facts—that the petition was undated, the accompanying letter was dated April 19, 2020, and the envelope in which they were mailed indicates that it was mailed on April 23, 2020—the Court construes the file date of the petition as the date on which it was mailed: April 23, 2020.

to sufficiently toll the one-year statute of limitations.  (*Id.*)  Nevertheless, on March 28, 2022, the Court granted Petitioner a second opportunity to show cause why the petition should not be dismissed as time-barred.  (Second OTSC, Dkt 7.)  Specifically, the Court informed Petitioner that he "must present any facts or evidence that would support either statutory tolling or equitable tolling of the one-year limitations period."  (*Id.* at 8.)  On April 28, 2022, Petitioner submitted another response.  (Response to Second OTSC ("Second Response"), Dkt 8.)  For the reasons set forth below, the petition is dismissed as untimely.

## PROCEDURAL HISTORY[2]

Petitioner was convicted of the aforementioned crimes on June 18, 2012.  On appeal, the Appellate Division affirmed the judgment of conviction on December 31, 2014.  *People v. Romero*, 123 A.D.3d 1147 (N.Y. App. Div. 2014).  On April 28, 2016, the New York Court of Appeals affirmed the order of the Appellate Division.  *People v. Romero*, 27 N.Y.3d 981 (2016).  Petitioner did not file a petition of *certiorari* to the United States Supreme Court.  Accordingly, his conviction became final on July 27, 2016, ninety days after the Court of Appeals affirmed his conviction. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); *Montalvo v. Lavalley*, No. 11-CV-05200 (NG), 2014 WL 6909513, at *5 (E.D.N.Y. Dec. 8, 2014); *Chrysler v. Guiney*, 14 F. Supp. 3d 418, 433 (S.D.N.Y. 2014) ("Pursuant to 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final only after the denial of *certiorari* or the expiration of time for seeking *certiorari*—in the latter case, ninety days after a decision by the New York Court of Appeals." (internal quotation marks and citations omitted)).

---

[2] These facts are taken from Mr. Romero's petition and responses, and are assumed to be true for this Order.

On June 27, 2017, Petitioner filed a motion to vacate his conviction under New York Criminal Procedure Law § 440.10 (the "§ 440 motion") with the New York Supreme Court, Queens County.  (Petition, Dkt. 1, at ECF 4.)  The § 440 motion was denied by the Queens County Supreme Court on October 17, 2017.  (*Id.* at ECF 24–26.).  On November 15, 2019, the Supreme Court, Appellate Division denied leave to appeal the denial of the § 440 motion.  (*Id.* at ECF 27.) Petitioner then filed a motion for leave to appeal the Appellate Division's denial of his request for leave to appeal, but that request was denied on March 10, 2020, because it was not an appealable order.  (*Id.* at ECF 5, 28.)  The Court of Appeals order stated that Petitioner's application "is dismissed because the order sought to be appealed from is not appealable under CPL § 450.90." (*Id.* at 28.)

Petitioner filed this petition on April 23, 2020.  (*See supra* note 1.)  By Order dated May 14, 2020, the petition was transferred from the Western District of New York to this district. (Transfer Order, Dkt. 3.)  Unfortunately, due to disruptions caused by the COVID-19 pandemic to the federal court system, the transfer was not completed until February 7, 2022.  (Dkt. 4.)

## DISCUSSION

A federal *habeas corpus* petition is subject to AEDPA's strict, one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).  In most cases, including this one, the one-year period runs from the date that the petitioner's state court conviction becomes final.  28 U.S.C. § 2244(d)(1)(A). As set forth in the Second OTSC, in this case, AEDPA's one-year statute of limitations for Petitioner to file his *habeas corpus* petition expired on December 16, 2019, and Petitioner did not file his *habeas corpus* petition until four months later, on April 23, 2020.  (Second OTSC, Dkt. 7, at 5.)  Although Petitioner was granted a final opportunity to present facts or evidence that would support either statutory or equitable tolling sufficient to render his petition timely, for the reasons

set forth below, the Court finds no basis on which to sufficiently toll the one-year limitations period.

I.    **Statutory Tolling**

In Petitioner's Second Response, he notes the long period of time between the filing of his § 440 motion—which Petitioner filed on June 27, 2017, just 30 days shy of the expiration of the one-year limitations period for filing his *habeas* petition—and his delayed *receipt* of the state trial court's decision denying his § 440 motion, in September 2018.  But, as this Court noted in its earlier decision, AEDPA's statute of limitations was tolled during the entire legitimate pendency of Petitioner's § 440 appeal—that is, from June 27, 2017 (the day Petitioner filed his § 440 petition) until November 15, 2019 (the day the Appellate Division denied his leave to appeal).  (*Id.* at 4.)  At that point, Petitioner had 30 days left, or until December 15, 2019, to file a timely petition. (*Id.* at 5.)

Petitioner's application to the New York Court of Appeals, for leave to appeal the Appellate Division's denial of leave to appeal the trial court's § 440 decision, did not continue to toll the statute of limitations.  Statutory tolling only applies when the post-conviction review application is "properly filed" under state law. 28 U.S.C. § 2244(d)(2).  "Properly filed" simply means "an application for state post-conviction relief recognized as such under governing state procedures." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 70 (2d Cir. 2001).  Under New York procedural law, appeals of the Appellate Division's denial of leave to appeal are not recognized applications for post-conviction relief.  N.Y. Crim. Proc. Law § 450.90; *Walker v. Graham*, 10–CV–5558 (PKC), 2013 WL 3338683, at *4 (E.D.N.Y. July 2, 2013).  Accordingly, the time from the Appellate Division's denial of leave to appeal the trial court's § 440 decision to the filing of the instant petition was not tolled. *See Jones v. Superintendent of Wende Corr. Facility*, No.16-CV-7109 (VB) (PED), 2020 WL 9048784, at *5 (S.D.N.Y. Oct. 6, 2020) ("Because Petitioner did

4

not have leave to appeal the Appellate Division's August 10, 2015 denial, Petitioner's subsequent filing was not a 'properly filed' application which would toll the statute of limitations under 28 U.S.C. § 2244(d)(2)."), *report and recommendation adopted*, No. 16-CV-7109, 2021 WL 1198933 (S.D.N.Y. Mar. 30, 2021), *certificate of appealability denied*, No. 21-1090, 2021 WL 5226241 (2d Cir. Oct. 26, 2021); *Brown v. Martuscello*, No. 16-CV-6084 (CS) (PED), 2019 WL 6833299, at *4 (S.D.N.Y. May 14, 2019) (dismissing a petition for *writ* of *habeas corpus* for timeliness, holding that filing an application with the Court of Appeals for leave to appeal the Appellate Division's denial of a § 440 motion did not toll the statute of limitations), *report and recommendation adopted*, 2019 WL 3491461 (S.D.N.Y. Aug. 1, 2019); *Williams v. Bradt*, No. 10-CV-3910 (DLI), 2016 WL 1273228, at *8 n.7 (E.D.N.Y. Mar. 30, 2016); *Walker v. Graham*, 955 F. Supp. 2d 92, 101–02 (E.D.N.Y. 2013).  Since nothing else statutorily tolled the one-year time limit, the petition was filed four months late and was thus untimely and must be dismissed as time-barred, unless there is a basis for equitable tolling.

## II.   <u>Equitable Tolling</u>

The one-year statute of limitations under AEDPA may be tolled for equitable reasons "only if [petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Fla.*, 560 U.S. 631, 649 (2010); *see also Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011).  "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (summary order) ("The petitioner bears the burden of proving that equitable tolling is appropriate.").  "The term 'extraordinary' does not refer to the uniqueness of

5

the petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231–32 (2d Cir. 2010) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Petitioner has now had three opportunities to argue for equitable tolling.  In his most recent filing, Petitioner states that his appellate attorney gave him "incorrect information . . . that I can use the 90 days to appeal my Court of Appeals decision[3] so I used that time and then found out that I have to exhaust my State remedies[;] that is the only reason that I filed my 440."  (Second Response, Dkt. 8, at 1–2.)  It does not appear that Petitioner's appellate counsel gave Petitioner incorrect information.  Petitioner's reference to "90 days" appears to refer to the 90 days that Petitioner had to file a petition for *certiorari* with the United States Supreme Court, and AEDPA's statute of limitations did not, in fact, begin to run during that period of time.  Furthermore, even if Petitioner's appellate attorney had provided Petitioner with incorrect information about the date that Petitioner's conviction would become final, or the time that Petitioner had to file a *habeas* petition, that would not be a basis for equitably tolling the statute of limitations.  *Holland*, 560 U.S. at 651–52  ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (internal quotation marks and citations omitted)).

Petitioner's mistaken belief that his improperly filed application to the Court of Appeals would toll the limitations period also does not justify equitably tolling the statute of limitations. *Bostic v. Greiner,* No. 01-CV-5705 (JG), 2003 WL 22670908, at *1 (E.D.N.Y. Oct. 31, 2003) (finding that petitioner's "mistaken belief" as to the tolling of the AEDPA limitations period while

---

[3] Petitioner is evidently referring to the April 28, 2016 Court of Appeals decision affirming the order of the Appellate Division, *People v. Romero*, 27 N.Y.3d 981 (2016).

6

seeking leave from the Court of Appeals to appeal the Appellate Division's denial of leave to appeal the trial court's denial of his second 440 motion was "not grounds for equitable tolling").

Petitioner also states that, when he was moved between facilities, and also when he was moved to the Special Housing Unit, in December 2019, "[a] bag of property was supposedly lost or misplaced . . . which had my paperwork, so I wrote and still filed for my permission for leave to appeal to the Court of Appeals." (Second Response, Dkt. 8, at ECF 3–4.) That allegation, however, does not constitute an "extraordinary circumstance," nor one that prevented Petitioner from filing his *habeas* petition on time. "The intentional confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer is 'extraordinary' as a matter of law." *Valverde*, 224 F.3d at 133. Here, however, Petitioner does not allege that a prison official intentionally confiscated his *habeas corpus* petition, but rather that "paperwork" related to his erroneous request for leave to appeal the Appellate Division's denial of his request for leave to appeal, was "lost or misplaced." Furthermore, "even where an act of confiscation . . . prevents a petitioner from filing before the ordinary limitations period expires," the limitations period will only be tolled until "the earliest date after the act of confiscation by which that petitioner, acting with reasonable diligence, should have filed his or her petition." *Id.* at 134. Here, even if the misplacement of Petitioner's papers prevented him from filing before the ordinary limitations period had lapsed, the record makes clear that Petitioner, if acting with reasonable diligence, could have filed his *habeas* petition before he did. Indeed, after the confiscation, Petitioner managed to file his erroneous request for leave to appeal the Appellate Division's denial of his request to appeal the trial court's § 440 decision months before he filed his *habeas* petition. Petitioner filed that request for leave to appeal sometime before January 30, 2020, and did not file his *habeas* petition until April 30, 2020. (Pet., Dkt. 1 at ECF 1, 32.) As discussed above, Petitioner's erroneous belief

that his request for leave to appeal to the Court of Appeals tolled the statute of limitations does not justify equitable tolling.

Accordingly, Petitioner has neither demonstrated that he confronted extraordinary circumstances or that he exercised reasonable diligence in filing his petition despite those circumstances. Thus, the Court finds no basis to equitably toll the one-year limitation period prescribed by AEDPA.

## CONCLUSION

For the reasons explained above, the petition is dismissed as untimely. Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-12 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case. The Clerk of Court is further directed to send a copy of this Memorandum & Order to petitioner and note mailing on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 18, 2022
Brooklyn, New York

8